R. H. Noel, Chief of Police of City of St. Petersburg, Florida, *Plaintiff in Error*, v. H. G. Griffin, *Defendant in Error.*

Division B.

Opinion filed July 8, 1930.

*Raney H. Martin* and *Carroll R. Runyon,* for Plaintiff in Error;

*Merle L. Cook,* for Defendant in Error.

Buford, J.—The defendant in error was arrested charged with violating a certain ordinance of the City of St. Petersburg known as Section No. 12 of Article V of Ordinance No. 705-V, which ordinance was as follows:

"Sec. 12. No person or persons shall operate or drive upon Central Avenue or the Municipal Pier any vehicle used for advertising. Provided, however, that the provisions of this section shall not apply to circus parades on Central Avenue when proper license has been obtained therefor, nor shall same apply to any parade sponsored by the municipality."

He was convicted in the municipal court under an agreed statement of facts. The agreed statement of facts was as follows:

"The defendant, H. G. Griffin, was arrested by a police officer of the City of St. Petersburg, on the 16th day of December, A. D. 1929, for violation of the above referred to ordinance. That at the time of the said arrest the said (H. G. Griffin by and thru his agent Oscar Coleman) was driving and operating a truck on the Municipal Pier in the City of St. Petersburg, said truck having constructed upon it display advertising concerning the current theatrical productions at one of the local theatres owned and operated by the Sparks Interests, Inc.

"That the said Oscar Coleman is the agent and employee of one H. G. Griffin, under whose advertising license the said truck was operated; the said Oscar Coleman so operated said truck under the authority and direction of the said H. G. Griffin; that there is an existing contract of employment between the Sparks Interests, Inc., and the said H. G. Griffin covering the advertising, and that the said H. G. Griffin did procure on the 1st day of October, 1929, a certain license from the City of St. Petersburg, issued under ordinance 698-A, said license covering banners, floats or cartoons, for which the said H. G. Griffin paid the required fee."

A writ of error was taken by the responent to a final order in *habeas corpus* discharging the defendant under the provisions of Section 3580, Rev. Gen. Stats, 5444 Comp. Gen. Laws 1927.

The ordinance under which Griffin had procured a license was the general license ordinance of the city known as Ordinance No. 696-A. Section 4, Division A of this ordinance provided certain license taxes for different forms of advertising. The defendant in error here pro-

cured a license for advertising with banners, floats or cartoons, for which he paid $25.00, and he claims immunity from prosecution and conviction under the above stated agreed statement of facts because of having paid that license and further because, as he says:

"1. It attempts to arbitrarily abrogate the rights of franchise now holden to H. G. Griffin aforesaid, by reason of the license certificate heretofore mentioned.

"2. Because the said ordinance section seeks to impair the obligation of contract.

"3. Because the said ordinance section is an attempt to place in retrospective operation a city ordinance just lately come into being.

"4. The same is an attempt to interfere with and take property without due process of law.

"5. The city is estopped to deny or prescribe the rights of petitioner.

"6. The said ordinance section is unreasonable.

"7. The said ordinance section is not based on any reasonable foundation in fact."

Sub-paragraph I of Section 3 of Chapter 13377, Special Acts of 1927, being the Charter Act of the City of St. Petersburg in force at the time this controversy arose, provides amongst other things the Board of Commissioners of the City of St. Petersburg * * * "shall have the power to lay out, establish, open, grade, curb, pave, repave, repair or otherwise improve city streets, alleys, parks or other public highways, or any part thereof, within the limits of said city, and to regulate the use thereof."

All material points of law presented for our consideration in this case were presented and determined in the case of State ex rel. Pennington, 94 Fla. 1056, 114 So. R. 859; and the principles of law enunciated in that case control in the instant case. Therefore, it becomes unnecessary to

re-state such controlling principles. It is sufficient to say that the judgment in this case should be reversed upon authority of the opinion in the case above referred to and the authorities therein cited. It is so ordered.

Reversed.

WHITFIELD, P. J. AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.